# FILED

MAY 2 8 2009

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

33053/11362/MFB/JJR/LSP                    Attorney #

UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

BRENDA ROTOLO, Independent Administrator of )
the Estate of ANDREW ROTOLO, Deceased,       )
                                             )
            Plaintiff,                       )          **09 C 50 1 25**
                                             )    No.
        v.                                   )
                                             )
MITCHELL A. KOPNICK, M.D., DEAN HEALTH        )
SYSTEMS, INC. a corporation, ST. MARY'S       )
DEAN VENTURES, INC., a corporation,

            Defendants.

## VERIFIED NOTICE OF REMOVAL

Pursuant to 28 USC §1441 and §1446(a), defendants, DR MITCHELL KOPNICK, a

citizen of the state of Wisconsin, and DEAN HEALTH SYSTEMS, INC., a Wisconsin corporation,

by their attorneys, CASSIDAY SCHADE, LLP hereby gives notice of the removal of this action

from the Circuit court of Winnebago County, Illinois, to the United States District Court for the

Northern District of Illinois, and in support of such removal states as follows:

1.      The complaint in this action was failed on March 30, 2009, in the Circuit Court of

Winnebago County, Illinois. A true and correct copy of the Complaint is attached hereto as Exhibit

A.

2.      Service was obtained on the Defendants on May 12, 2009. A true and correct copy

of the Summons and Service is attached hereto as Exhibit B.

3.      This is a civil action of which this Court has original jurisdiction under 28 USC

§1332, and which is removable to this Court pursuant to 28 USC §1441(a).

4.      Defendant Dr. Mitchell Kopnick is a citizen of the state of Wisconsin, with his principal place of business at 616 N. Washington St., Janesville, Wisconsin. Defendant Dean Health Systems, Inc., is a Wisconsin corporation with its principal place of business located at 1808 W. Beltline Highway, Madison, Wisconsin. Defendant St. Mary's Dean Ventures, Inc., is a Wisconsin corporation with its principal place of business located at 1808 W. Beltline Highway, Madison, Wisconsin.

5.      This is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interests and costs as this is a wrongful death lawsuit.

6.      Defendant St. Mary's Dean Ventures, Inc., consents to the removal of this case to federal court. See Consent attached hereto as Exh. C.

7.      As required by 28 USC §1446(d), a copy of this Notice of Removal is being served on the Clerk of the Circuit Court of Winnebago County, Illinois, and on Plaintiff's counsel.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:_____/s/ Marc F. Benjoya_____
Attorneys for Defendants, DR.
MITCHELL KOPNICK, and DEAN
HEALTH SYSTEMS, INC.

Marc F. Benjoya
CASSIDAY SCHADE LLP
1870 Winchester Road, Suite 148
Libertyville, IL  60048

- 2 -

(847)932-6922
(847)932-6947 (fax)
mfb@cassiday.com

7245604 LPLATT;LPLATT

33053/11362/MFB/JJR/LSP                                                    Attorney #

UNITED STATE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

BRENDA ROTOLO, Independent Administrator of   )
the Estate of ANDREW ROTOLO, Deceased,        )
                                              )
                 Plaintiff,                   )
                                              )          No.
         v.                                   )
                                              )
MITCHELL A. KOPNICK, M.D., DEAN HEALTH         )
SYSTEMS, INC. a corporation, ST. MARY'S        )
DEAN VENTURES, INC., a corporation,

                 Defendants.
               **AFFIDAVIT OF ATTORNEY MARC BENJOYA**

STATE OF ILLINOIS           )
                            )       SS
COUNTY OF LAKE              )

         I, the undersigned, being duly sworn state:

         1.      I am an attorney of good standing, licensed in the states of Illinois and Wisconsin.

         2.      I am one of the attorneys for the Defendants, DR. MITCHELL KOPNICK and

DEAN HEALTH SYSTEMS, INC.

         3.      The facts and statements contained in the Notice of Removal are true and

accurate.

FURTHER AFFIANT SAYETH NOT.

                                   _____
                                   Marc F. Benjoya, one of the Attorneys for DR. MITCHELL
                                   KOPNICK and DEAN HEALTH SYSTEMS, INC.

Subscribed and sworn before me this
27th        day of May, 2009.

_____  Notary Public

7245822.CPLATT, LPLATT

OFFICIAL SEAL
JODY L. MULLEN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-18-2012

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY, ILLINOIS**

FILED
Date: ___MAR 3 0 2009___
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, Il

BRENDA ROTOLO, Independent Administrator )
of the Estate of ANDREW ROTOLO, )
Deceased, )
)
Plaintiff, )
)
vs. )  Court No:  09 L 117
)
MITCHELL A. KOPNICK, M.D., )
DEAN HEALTH SYSTEMS, INC., )
a Corporation, DEAN HEALTH SYSTEM, INC., )
a Corporation, ST. MARY'S DEAN VENTURES )
INCORPORATED, a Corporation, )
)
Defendants. )
)

## COMPLAINT AT LAW

Plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of
ANDREW ROTOLO, deceased, complaining of the defendants, MITCHELL KOPNICK,
M.D., DEAN HEALTH SYSTEMS, INC., a Corporation, DEAN HEALTH SYSTEM,
INC., a Corporation, ST. MARY'S DEAN VENTURES INCORPORATED, and against
each of them, pleading hypothetically and in the alternative, states:

## COUNT I

### Wrongful Death - Mitchell A. Kopnick, M.D.

1.      At all times mentioned herein, defendant, MITCHELL A. KOPNICK,
M.D., was a physician licensed to practice medicine within the State of Wisconsin, who
at all times herein relevant held himself out to members of the public including the
plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and
expertise in the medical specialty of urology.

**DEFENDANT'S EXHIBIT**
**A**

1

2. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., treated residents of the State of Illinois, including plaintiff's decedent, ANDREW ROTOLO.

3. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a medical provider participating in insurance plans for residents of Northern Illinois, including but not limited to the Employers' Coalition on Health.

4. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., accepted referrals of patients who were residents of the State of Illinois and from physicians practicing in the State of Illinois.

5. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., directed patients to obtain medical treatment and/or testing in the State of Illinois.

6. On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, MITCHELL A. KOPNICK, M.D.

7. At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, MITCHELL KOPNICK, M.D., and at all times mentioned herein, he was over 60 years of age.

8. Between February 22, 2001 and February 1, 2007, defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9. Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
|---|---|
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |

| Dr. Mitchell Kopnick | 5/8/01 |
|---|---|
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.     Between February 22, 2001 and February 1, 2007, defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11.     In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12.     Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, MITCHELL A. KOPNICK, M.D., was guilty of negligent treatment in the following respects:

        a.     Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

        b.     Was otherwise careless and negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, and each of them, the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.     ANDREW ROTOLO, left surviving him BRENDA ROTOLO, his wife, ANTOINETTE R. ROTOLO, his adult daughter, and ANDREW S. ROTOLO, his adult son, each of whom suffered pecuniary losses, including a loss of his society and companionship as a proximate result of his death.

15.     Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of

4

court, and she brings this action in that capacity pursuant to The Illinois Wrongful Death Act (740 ILCS 180/1 et seq.).

16.    Attached hereto and made a part hereof are an affidavit and medical report submitted pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, MITCHELL A. KOPNICK, M.D., in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT II

### Survival - Mitchell A. Kopnick

1.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

2.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., treated residents of the State of Illinois, including plaintiff's decedent, ANDREW ROTOLO.

3.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a medical provider participating in insurance plans for residents of Northern Illinois, including but not limited to the Employers' Coalition on Health.

4.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., accepted referrals of patients who were residents of the State of Illinois and from

5

physicians practicing in the State of Illinois.

5.      At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., directed patients to obtain medical treatment and/or testing in the State of Illinois.

6.      On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, MITCHELL A. KOPNICK, M.D.

7.      At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, MITCHELL KOPNICK, M.D., and at all times mentioned herein, he was over 60 years of age.

8.      Between February 22, 2001 and February 1, 2007, defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9.      Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
| --- | --- |
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |

| | |
|---|---|
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.    Between February 22, 2001 and February 1, 2007, defendant, MITCHELL

A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW

ROTOLO.

11.    In and around February 2007, plaintiff's decedent, ANDREW ROTOLO,

7

was diagnosed with prostate cancer.

12.     Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, MITCHELL A. KOPNICK, M.D., was guilty of negligent treatment in the following respects:

        a.     Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

        b.     Was otherwise careless and negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, and each of them, the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, and each of them, the plaintiff's decedent, suffered conscious pain and suffering and, had he survived, a cause of action would have accrued in his favor for such conscious pain and suffering and such action has thus survived his death.

15     Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Survival Act of the State of Illinois.

16.     Attached hereto and made a part hereof are an affidavit and a medical report prepared pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, MITCHELL A. KOPNICK, M.D., in a sum in excess of   FIFTY THOUSAND

($50,000.00) DOLLARS.

## COUNT III

### Wrongful Death - Dean Health Systems, Inc.

1.    At all times mentioned herein, defendant, DEAN HEALTH SYSTEMS, INC. was a corporation organized and existing pursuant to the laws of the State of Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2.    At all times mentioned herein, defendant, DEAN HEALTH SYSTEMS, INC., owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

4.    At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEMS, INC.

5.    At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK,

9

M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEMS, INC.

6. On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, DEAN HEALTH SYSTEMS, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

7. At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, DEAN HEALTH SYSTEMS, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D. and at all times mentioned herein, he was over 60 years of age.

8. Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9. Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
| --- | --- |
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |

| Dr. Mitchell Kopnick | 2/25/05 |
|---|---|
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.     Between February 22, 2001 and February 1, 2007, defendant, DEAN

HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11. In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12. Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, DEAN HEALTH SYSTEMS, INC., by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

        a.     Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

        b.     Was otherwise careless and negligent.

13. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14. ANDREW ROTOLO, left surviving him BRENDA ROTOLO, his wife, ANTOINETTE R. ROTOLO, his adult daughter, and ANDREW S. ROTOLO, his adult son, each of whom suffered pecuniary losses, including a loss of his society and companionship as a proximate result of his death.

15. Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to The Illinois Wrongful Death

Act (740 ILCS 180/1 et seq.).

16.     Attached hereto and made a part hereof are an affidavit and medical report submitted pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, DEAN HEALTH SYSTEMS, INC, in a sum in excess of   FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT IV

### Survival - Dean Health Systems, Inc.

1.     At all times mentioned herein, defendant, DEAN HEALTH SYSTEMS, INC. was a corporation organized and existing pursuant to the laws of the State of Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2.     At all times mentioned herein, defendant, DEAN HEALTH SYSTEMS, INC., owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3.     At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

13

4. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEMS, INC.

5. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEMS, INC.

6. On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, DEAN HEALTH SYSTEMS, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

7. At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, DEAN HEALTH SYSTEMS, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D. and at all times mentioned herein, he was over 60 years of age.

8. Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9. Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A.

14

KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
|---|---|
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |

| Dr. Mitchell Kopnick | 5/22/01 |
|---|---|
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10. Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11. In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12. Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, DEAN HEALTH SYSTEMS, INC., by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

        a. Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

        b. Was otherwise careless and negligent.

13. As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, DEAN HEALTH SYSTEMS, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14. As a proximate result of one or more of the aforesaid negligent acts and/or

omissions of the defendants, and each of them, the plaintiff's decedent, suffered conscious pain and suffering and, had he survived, a cause of action would have accrued in his favor for such conscious pain and suffering and such action has thus survived his death.

15.     Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Survival Act of the State of Illinois.

16.     Attached hereto and made a part hereof are an affidavit and a medical report prepared pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, DEAN HEALTH SYSTEMS, INC, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT V

### Wrongful Death - Dean Health System, Inc.

1.     At all times mentioned herein, defendant, DEAN HEALTH SYSTEM, INC. was a corporation organized and existing pursuant to the laws of the State of Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2.     At all times mentioned herein, defendant, DEAN HEALTH SYSTEM,

17

INC., owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

4. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEM, INC.

5. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEM, INC.

6. On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, DEAN HEALTH SYSTEM, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

7. At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, DEAN HEALTH SYSTEM, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D. and at all times mentioned herein, he was over 60 years of age.

18

8.     Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9.     Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
|---|---|
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |

| Dr. Mitchell Kopnick | 5/31/02 |
|---|---|
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.     Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11.     In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12.     Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, DEAN HEALTH SYSTEM, INC., by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

a.     Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

20

      b.     Was otherwise careless and negligent.

13.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.    ANDREW ROTOLO, left surviving him BRENDA ROTOLO, his wife, ANTOINETTE R. ROTOLO, his adult daughter, and ANDREW S. ROTOLO, his adult son, each of whom suffered pecuniary losses, including a loss of his society and companionship as a proximate result of his death.

15.    Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to The Illinois Wrongful Death Act (740 ILCS 180/1 et seq.).

16.    Attached hereto and made a part hereof are an affidavit and medical report submitted pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, DEAN HEALTH SYSTEM, INC, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT VI

### Survival - Dean Health System, Inc.

1.    At all times mentioned herein, defendant, DEAN HEALTH SYSTEM, INC. was a corporation organized and existing pursuant to the laws of the State of

Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2.     At all times mentioned herein, defendant, DEAN HEALTH SYSTEM, INC., owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3.     At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

4.     At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEM, INC.

5.     At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, DEAN HEALTH SYSTEM, INC.

6.     On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, DEAN HEALTH SYSTEM, INC., by and though its agents and/or employees, including but not limited to, defendant,

MITCHELL A. KOPNICK, M.D.

7.      At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, DEAN HEALTH SYSTEM, INC., by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D. and at all times mentioned herein, he was over 60 years of age.

8.      Between February 22, 2001 and February 1, 2007, defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9.      Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
| --- | --- |
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |

| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.     Between February 22, 2001 and February 1, 2007, defendant, DEAN

HEALTH SYSTEM, INC., by and through its agents and/or employees, including

defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's

decedent, ANDREW ROTOLO.

11.     In and around February 2007, plaintiff's decedent, ANDREW ROTOLO,

was diagnosed with prostate cancer.

12.     Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, DEAN HEALTH SYSTEM, INC., by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

        a.     Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

        b.     Was otherwise careless and negligent.

13.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, DEAN HEALTH SYSTEM, INC., by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendants, and each of them, the plaintiff's decedent, suffered conscious pain and suffering and, had he survived, a cause of action would have accrued in his favor for such conscious pain and suffering and such action has thus survived his death.

15.     Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Survival Act of the State of Illinois.

16.     Attached hereto and made a part hereof are an affidavit and a medical report prepared pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant,

25

DEAN HEALTH SYSTEM, INC, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT VII

### Wrongful Death – St. Mary's Dean Ventures, Incorporated

1. At all times mentioned herein, defendant, ST. MARY'S DEAN VENTURES INCORPORATED was a corporation organized and existing pursuant to the laws of the State of Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2. At all times mentioned herein, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3. At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

4. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, ST. MARY'S DEAN VENTURES INCORPORATED.

5. At all times mentioned herein, in connection with his care and treatment of

26

plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, ST. MARY'S DEAN VENTURES INCORPORATED.

6.     On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

7.     At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

and at all times mentioned herein, he was over 60 years of age.

8.     Between February 22, 2001 and February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

9.     Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
|---|---|
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |

| | |
|---|---|
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |
| Dr. Mitchell Kopnick | 8/27/01 |
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.   Between February 22, 2001 and February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11.   In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12.   Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

    a.   Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage; and,

    b.   Was otherwise careless and negligent.

13.   As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL KOPNICK, the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.   ANDREW ROTOLO, left surviving him BRENDA ROTOLO, his wife, ANTOINETTE R. ROTOLO, his adult daughter, and ANDREW S. ROTOLO, his adult son, each of whom suffered pecuniary losses, including a loss of his society and companionship as a proximate result of his death.

15.   Plaintiff, BRENDA ROTOLO, is the duly appointed Independent

29

Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to The Illinois Wrongful Death Act (740 ILCS 180/1 et seq.).

16.    Attached hereto and made a part hereof are an affidavit and medical report submitted pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, ST. MARY'S DEAN VENTURES INCORPORATED, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT VIII

### Survival - St. Mary's Dean Ventures Incorporated

1.    At all times mentioned herein, defendant, ST. MARY'S DEAN VENTURES INCORPORATED was a corporation organized and existing pursuant to the laws of the State of Wisconsin, doing business in the State of Illinois, and it employed physicians, technicians, nurses and other healthcare professionals comprising a single organized medical staff within a hospital facility commonly known as Riverview Surgery Center located in Janesville, Wisconsin.

2.    At all times mentioned herein, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, owned, used and possessed real estate in the State of Illinois and insured persons and real property in the State of Illinois.

3.    At all times mentioned herein, defendant, MITCHELL A. KOPNICK, M.D., was a physician licensed to practice medicine within the State of Wisconsin, who at all times herein relevant held himself out to members of the public including the

plaintiff's decedent, ANDREW ROTOLO, as having specialized experience and expertise in the medical specialty of urology.

4. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., was the actual and/or apparent agent and/or employee of defendant, ST. MARY'S DEAN VENTURES INCORPORATED.

5. At all times mentioned herein, in connection with his care and treatment of plaintiff's decedent, ANDREW ROTOLO, the defendant, MITCHELL A. KOPNICK, M.D., acted in his capacity as the actual and/or apparent agent and/or employee of defendant, ST. MARY'S DEAN VENTURES INCORPORATED.

6. On or about February 22, 2001, plaintiff's decedent, ANDREW ROTOLO, came under the care and treatment of defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

7. At the time plaintiff's decedent, ANDREW ROTOLO, came under the care of defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and though its agents and/or employees, including but not limited to, defendant, MITCHELL A. KOPNICK, M.D.

and at all times mentioned herein, he was over 60 years of age.

8. Between February 22, 2001 and February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including but not limited to defendant, MITCHELL A. KOPNICK, M.D., provided continuous care and treatment to plaintiff's decedent, ANDREW ROTOLO.

31

9.   Between February 22, 2001 and February 1, 2007, plaintiff's decedent, ANDREW ROTOLO, treated with defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D. on the following dates:

| NAME OF DOCTOR | DATE OF VISIT |
|---|---|
| Dr. Mitchell Kopnick | 2/1/07 |
| Dr. Mitchell Kopnick | 1/5/07 |
| Dr. Mitchell Kopnick | 11/29/06 |
| Dr. Mitchell Kopnick | 11/21/06 |
| Dr. Mitchell Kopnick | 11/16/06 |
| Dr. Mitchell Kopnick | 6/19/06 |
| Dr. Mitchell Kopnick | 12/19/05 |
| Dr. Mitchell Kopnick | 7/8/05 |
| Dr. Mitchell Kopnick | 6/24/05 |
| Dr. Mitchell Kopnick | 2/25/05 |
| Dr. Mitchell Kopnick | 2/4/05 |
| Dr. Mitchell Kopnick | 11/5/04 |
| Dr. Mitchell Kopnick | 7/5/04 |
| Dr. Mitchell Kopnick | 3/1/04 |
| Dr. Mitchell Kopnick | 11/3/03 |
| Dr. Mitchell Kopnick | 6/30/03 |
| Dr. Mitchell Kopnick | 6/23/03 |
| Dr. Mitchell Kopnick | 6/16/03 |
| Dr. Mitchell Kopnick | 6/13/03 |
| Dr. Mitchell Kopnick | 3/14/03 |
| Dr. Mitchell Kopnick | 1/3/03 |
| Dr. Mitchell Kopnick | 12/27/02 |
| Dr. Mitchell Kopnick | 12/20/02 |
| Dr. Mitchell Kopnick | 12/11/02 |
| Dr. Mitchell Kopnick | 12/4/02 |
| Dr. Mitchell Kopnick | 9/4/02 |
| Dr. Mitchell Kopnick | 8/12/02 |
| Dr. Mitchell Kopnick | 6/5/02 |
| Dr. Mitchell Kopnick | 5/31/02 |
| Dr. Mitchell Kopnick | 5/22/02 |
| Dr. Mitchell Kopnick | 5/15/02 |
| Dr. Mitchell Kopnick | 3/7/02 |
| Dr. Mitchell Kopnick | 2/19/02 |
| Dr. Mitchell Kopnick | 11/20/01 |
| Dr. Mitchell Kopnick | 11/13/01 |
| Dr. Mitchell Kopnick | 11/06/01 |

| Dr. Mitchell Kopnick | 8/27/01 |
|---|---|
| Dr. Mitchell Kopnick | 8/14/01 |
| Dr. Mitchell Kopnick | 8/7/01 |
| Dr. Mitchell Kopnick | 7/10/01 |
| Dr. Mitchell Kopnick | 6/5/01 |
| Dr. Mitchell Kopnick | 5/29/01 |
| Dr. Mitchell Kopnick | 5/22/01 |
| Dr. Mitchell Kopnick | 5/15/01 |
| Dr. Mitchell Kopnick | 5/8/01 |
| Dr. Mitchell Kopnick | 5/1/01 |
| Dr. Mitchell Kopnick | 4/3/01 |
| Dr. Mitchell Kopnick | 3/15/01 |
| Dr. Mitchell Kopnick | 3/8/01 |
| Dr. Mitchell Kopnick | 2/22/01 |

10.    Between February 22, 2001 and February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL A. KOPNICK, M.D., did not order a PSA test on plaintiff's decedent, ANDREW ROTOLO.

11.    In and around February 2007, plaintiff's decedent, ANDREW ROTOLO, was diagnosed with prostate cancer.

12.    Beginning on February 22, 2001, and at all times mentioned herein, up to and including February 1, 2007, defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agent and/or employee, MITCHELL KOPNICK, M.D., was guilty of negligent treatment in the following respects:

    a.  Failed to order a PSA test, which led to a failure to diagnose
       prostate cancer at a curable stage; and,

    b.  Was otherwise careless and negligent.

13.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, ST. MARY'S DEAN VENTURES INCORPORATED, by and through its agents and/or employees, including defendant, MITCHELL KOPNICK,

33

the plaintiff's decedent, ANDREW ROTOLO, died on March 31, 2007, in Winnebago County, Illinois.

14.    As a proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, ST. MARY'S DEAN VENTURES INCORPORATED by and through its agents and/or employees, including defendant, MITCHELL KOPNICK, the plaintiff's decedent, ANDREW ROTOLO, suffered conscious pain and suffering and, had he survived, a cause of action would have accrued in his favor for such conscious pain and suffering and such action has thus survived his death.

15.    Plaintiff, BRENDA ROTOLO, is the duly appointed Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, pursuant to Order of court, and she brings this action in that capacity pursuant to the Survival Act of the State of Illinois.

16.    Attached hereto and made a part hereof are an affidavit and a medical report prepared pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, plaintiff, BRENDA ROTOLO, Independent Administrator of the Estate of ANDREW ROTOLO, Deceased, demands judgment against the defendant, ST. MARY'S DEAN VENTURES INCORPORATED, in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted:

Attorney for Plaintiff

John L. Nisivaco
Robert R. Duncan
**DOLAN & NISIVACO, LLC**
120 North LaSalle, Suite 2850
Chicago, Illinois 60602
(312) 263-0300

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
WINNEBAGO COUNTY, ILLINOIS

BRENDA ROTOLO, Independent Administrator )
of the Estate of ANDREW ROTOLO, )
Deceased, )
                  )
          Plaintiff, )
                  )
   vs. )   Court No:
                  )
MITCHELL A. KOPNICK, M.D., )
DEAN HEALTH SYSTEMS, INC., )
a Corporation, DEAN HEALTH SYSTEM, INC., )
a Corporation, ST. MARY'S DEAN VENTURES )
INCORPORATED, a Corporation, )
                  )
          Defendants. )
                  )

## SUPREME COURT RULE 222 AFFIDAVIT

I, Robert R. Duncan, the affiant, on oath, state:

That the damages sought in this cause of action exceed Fifty Thousand Dollars

($50,000.00), plus costs.

                                                   _____
                                                   Robert R. Duncan

SUBSCRIBED AND SWORN TO
before me this 30 day of March, 2009.

_____
NOTARY PUBLIC

                        "OFFICIAL SEAL"
                        JESSICA WILBERS
                NOTARY PUBLIC, STATE OF ILLINOIS
Dolan & Nisivaco, LLC   MY COMMISSION EXPIRES 9/22/2009
120 N. LaSalle, Suite 2850
Chicago, IL 60602
Tel:   312/263-0300
Fax:   312/263-1165
Atty No. 6277407

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
WINNEBAGO COUNTY, ILLINOIS

BRENDA ROTOLO, Independent Administrator )
of the Estate of ANDREW ROTOLO, )
Deceased, )
            )
           Plaintiff, )
            )
        vs. )    Court No:
            )
MITCHELL A. KOPNICK, M.D., )
DEAN HEALTH SYSTEMS, INC., )
a Corporation, DEAN HEALTH SYSTEM, INC., )
a Corporation, ST. MARY'S DEAN VENTURES )
INCORPORATED, a Corporation, )
            )
           Defendants. )
            )

## ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(1)

Robert R. Duncan, being first duly sworn on oath, states as follows:

1. I am one of the attorneys with responsibility for this matter on behalf of the Plaintiff.

2. I have consulted and reviewed the facts of this case with a health professional who is an actively practicing physician, licensed to practice medicine in all of its branches and is familiar with the area of medicine that is at issue in this particular action. The reviewing physician specializes in urology. The reviewing physician is familiar through experience and demonstrated competence with the standard of care for a physician, licensed to practice medicine in all of its branches, treating a patient like Andrew Rotolo.

3. The reviewing physician has determined in a written report after review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for the filing of this action against Mitchell A. Kopnick,

### SECTION 2-622 REPORT

1. My name is Craig D. Zippe, M.D.  I am a practicing physician licensed to practice medicine in all its branches and board certified in urology.

2. I am familiar with the standard of care for a physician such as Dr. Mitchell Kopnick taking care of a patient like Andrew Rotolo who was under the continuous care of an urologist.

3. I have reviewed the medical records from Dr. Mitchell Kopnick, Dean Health System, Inc., Rockford Memorial Medical Center and East Bank Center, LLC, relating to the care and treatment provided to Andrew Rotolo.

4. Based upon my review of these records, I am of the opinion that Dr. Mitchell Kopnick and his employer(s), Dean Health Systems, Inc., Dean Health System, Inc., and/or St.Mary's Dean Ventures Incorporated were negligent in the following respects:

      a.    Failed to order a PSA test, which led to a failure to diagnose prostate cancer at a curable stage.


_____
Craig D. Zippe, M.D.

**STATE OF ILLINOIS**

CC-45

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**

**WINNEBAGO COUNTY**

Brenda Rotolo, Independent Administrator
of the Estate of Andrew Rotolo, deceased,

    Plaintiff,

              vs.

Mitchell A. Kopnick, M.D., Dean Health
Systems, Inc., a Corporation, Dean Health
System, Inc., a Corporation, St. Mary's
DeanVentures Incorporated, a Corporation,

    Defendants.

No. 09 L 117

**SUMMONS**

To each defendant:    Dean Health System, Inc.
           c/o Registered Agent Thomas Kirschbaum, 1808 Beltline Hwy, Madison, WI 53713

    You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of

the Clerk of this Court_____ Winnebago County Courthouse _____ building, room_____.

___ 400 W. State Street, Rockford _____, Illinois, within 30 days after service of this summons,
   (Address)           (City)

not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorse-
ment of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so
endorsed.

    This summons may not be served later than 30 days after its date.

(Seal of Court)

                                  2009
                                  (Year)

                          (Clerk of the Circuit Court)

                                  (Deputy)

Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney

Name _Robert R. Duncan – Dolan & Nisivaco, LLC_____

Attorney for _Plaintiff_____

Address _120 N. LaSalle St., #2850_____

City _Chicago, IL 60602_____

Telephone _312-263-0300_____

DEFENDANT'S EXHIBIT B

SERVED PERSONAL SUBSTITUTE

AT _11:30_ M THIS _12_ DAY OF _Mc_ 20 _09_
AT THE_____ OF _March_
DAVID J. MAHONEY
BY_____
Deputy Sheriff

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY**

SERVED 5-14   CC 2009
BY *Regina Humberg* TIME 11:45a
DEPUTY SHERIFF - ROCK COUNTY

COPY LEFT WITH *Mitchell Kopnick*
CITY *Janesville* TWSP 58

Brenda Rotolo, Independent Administrator
of the Estate of Andrew Rotolo, deceased,

Plaintiff,

vs.

Mitchell A. Kopnick, M.D., Dean Health
Systems, Inc., a Corporation, Dean Health
System, Inc., a Corporation, St. Mary's
Dean Ventures Incorporated, A Corporation,

Defendants.

No. 09 L 117 _____

## SUMMONS

To each defendant: Mitchell Kopnick, M.D., 4121 Eastridge Drive, Janesville, WI 53546

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of
the Clerk of this Court____ Winnebago County Courthouse _____ building, room_____ ,

400 W. State Street, Rockford _____ , Illinois, within 30 days after service of this summons,
      (Address)       (City)

not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorse-
ment of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so
endorsed.

This summons may not be served later than 30 days after its date.

(Seal of Court)

WITNESS _____ _____
                                           (Year)

_____
(Clerk of the Circuit Court)

By: _____
                      (Deputy)

Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
    Robert R. Duncan — Dolan & Nisivaco, LLC
Name _____

Attorney for Plaintiff _____

Address 120 N.LaSalle St., #2850

City Chicago, IL 60602

Telephone 312-263-0300

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS,
WESTERN DIVISION

BRENDA ROTOLO, Independent Administrator of    )
the Estate of ANDREW ROTOLO, Deceased,         )
                                               )
                 Plaintiff,                    )
                                               )         No.
        v.                                     )
                                               )
MITCHELL A. KOPNICK, M.D., et al.,             )
                                               )
                 Defendants.                   )

## CONSENT TO REMOVAL

Defendant ST. MARYS DEAN VENTURES, INCORPORATED, by and through its

Vice President and Corporate Representative, hereby consents to Defendants' DR. MITCHELL

KOPNICK and DEAN HEALTH SYSTEMS, INC., Notice of Removal of this matter from the

Circuit Court of Winnebago County, Illinois, to the United States District Court for the Northern

District of Illinois.

Respectfully Submitted,

*Thomas Kirschbaum*

Thomas Kirschbaum, Vice President
of Dean Health Systems, Inc.,
corporate representative of ST.
MARYS DEAN VENTURES,
INCORPORATED

Thomas N. Kirschbaum
Vice President
Dean Health Systems, Inc.
1808 W. Beltline Highway
Madison, WI 53713
608-250-1063
608-284-2540 (fax)



DEFENDANT'S
EXHIBIT
C