IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BRENDA ROTOLO, Independent Administrator of the ESTATE OF ANDREW ROTOLO, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>MITCHELL A. KOPNICK, M.D., DEAN HEALTH SYSTEMS, INC., a Corporation, and WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND,<br><br>    Defendants. | Case No.: 09-CV-50125<br><br>Judge: Frederick J. Kapala |

## THE FUND'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF FACTS PURSUANT TO LOCAL RULE 56.1

NOW COMES Defendant, WISCONSIN INJURED PATIENTS AND FAMILIES COMPENSATION FUND, by and through its attorneys, HINSHAW & CULBERTSON LLP, and for its Response to Plaintiff's Additional Statement of Facts Pursuant to Local Rule 56.1, states as follows:

    1.    Plaintiff's decedent, Andrew Rotolo, treated with defendant, Dr. Mitchell Kopnick, continuously between February 22, 2001 and February 1, 2007. (Original Complaint Doc. #1; Third Amended Complaint Doc. #146).

**RESPONSE**: Defendants deny the fact or facts contained in paragraph no. 1.

    2.    Defendant, Dr. Mitchell Kopnick, never ordered or obtained a PS . test for Mr. Rotolo. (Original Complaint Doc. #1; Third Amended Complaint Doc. #146; *Kopnick Dep. Tr. p. 107, Plaintiff's Exhibit "A"*).

**RESPONSE:** Defendants admit the fact or facts contained in paragraph no. 2.

3. Plaintiff alleges that Dr. Kopnick was negligent between February 22, 2001 and February 1, 2007 for not ordering and/or obtaining a PSA test. (Original Complaint Doc. #1; Third Amended Complaint Doc. #146).

**RESPONSE**: Defendants admit the fact or facts contained in paragraph no. 3.

4. Plaintiff's expert, Dr. Craig Zippe, wrote the following in his Rule 6 report:

> "It was Dr. Kopnick's responsibility to screen for Mr. Rotolo's prostate cancer." Dr. Zippe Report, p. 1, Def. Ex. A.

> "Dr. Kopnick, the defendant, deviated from the standard of care requir d by a urologist by failing to order or failing to obtain the results of a prostate pecific antigen ("PSA") test of Mr. Rotolo who was under his care since 2001." Dr. Zippe Report, p. 1, Def. Ex. A.

**RESPONSE**: Defendants state that Dr. Zippe's report speaks for itself and deny the assertions, claims and opinions made by Dr. Zippe therein, deny the veracity of the assertions, claims and opinions, deny that Defendants committed the alleged negligence, and deny that Defendants caused or contributed to causing the injuries or damages claimed by Plaintiff.

5. Dr. Zippe opines in his report that the purpose of performing a PSA test on an annual basis is to identify prostate cancer in its earliest stages when it is localized to the prostate. Dr. Zippe Report, p. 2, Def. Ex. A.

**RESPONSE**: Defendants state that Dr. Zippe's report speaks for itself and deny the assertions, claims and opinions made by Dr. Zippe therein, deny the veracity of the assertions, claims and opinions, deny that Defendants committed the alleged negligence, and deny that Defendants caused or contributed to causing the injuries or damages claimed by Plaintiff.

6. In addition to the deposition testimony cited by defendants, Dr. Zippe offered the following testimony:

> "I think the standard of care for a urologist, especially in a patient in your practice, is to always be the PSA tester. I do it every year

> on all my male patients. And I think that that's the standard of care." Zippe Dep. Tr. p. 149
>
> "My complaint with [Kopnick] is that he didn't order a PSA. I think it should be done routinely in an asymptomatic person, a male, on a yearly basis. That's the standard of care." Zippe Dep. Tr. p. 150
>
> (Plaintiff's Exhibit B)

**RESPONSE**: Defendants state that the cited deposition testimony from Dr. Zippe speaks for itself and deny the assertions, claims and opinions made by Dr. Zippe therein, deny the veracity of the assertions, claims and opinions, deny that Defendants committed the alleged negligence, and deny that Defendants caused or contributed to causing the injuries or damages claimed by Plaintiff.

    7.    Dr. Zippe executed an affidavit regarding his opinions on February 11, 2012 (*Plaintiff's Exhibit C*).

**RESPONSE**: Defendants admit that Dr. Zippe executed an affidavit on February 11, 2012, but object to the submission of this affidavit, its contents and purported opinions stated therein, its admissibility as evidence, and therefore, deny the contents of said affidavit. See, Defendants' Motion to Strike Affidavit of Dr. Craig Zippe.

    8.    It is Dr. Zippe's opinion that Dr. Kopnick deviated from the standard of care by not ordering a PSA test on an annual basis between 2001 and 2007. (Third Amended Complaint Doc. #146; Pl. Ex. C, ¶3).

**RESPONSE**: Defendants admit that Dr. Zippe executed an affidavit on February 11, 2012, but object to the submission of this affidavit, its contents and opinions stated therein, its admissibility as evidence, and therefore, deny the contents of said affidavit. See, Defendants' Motion to Strike Affidavit of Dr. Craig Zippe.

70807781v1 0902207

9.  It is Dr. Zippe's opinion that had Dr. Kopnick ordered and/or obtained the results of a PSA test in 2001, 2002 and up to and including June 2003, Mr. Rotolo's prostate cancer would have been diagnosed when it was in a "curable stage." (Third Amended Complaint Doc. #146).

**RESPONSE**: Defendants deny that Dr. Zippe's opinions are contained within Plaintiff's Third Amended Complaint Doc. #146.

                        Respectfully submitted,

                        WISCONSIN INJURED PATIENTS AND
                        FAMILIES COMPENSATION FUND, Defendant,

             By:    /s/ Daniel E. Wiesch
                    One of Its Attorneys

Daniel E. Wiesch
Illinois ARDC No.: 6276171
HINSHAW & CULBERTSON LLP
100 Park Avenue
P. O. Box 1389
Rockford, IL 61105-1389
(815) 490-4900

70807781v1 0902207